```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

RODAMEL MARTINEZ,

    Plaintiff,

v.                              Case No. 8:20-cv-1951-T-33SPF

TRANS UNION LLC, et al.,

    Defendants.

_____/

**ORDER**

This matter is before the Court on consideration of Defendant Credit One Bank, N.A.'s Second Amended Motion to Dismiss and Compel Arbitration (Doc. # 41), filed on October 27, 2020. Plaintiff Rodamel Martinez responded on November 6, 2020. (Doc. # 44). For the reasons that follow, the Motion is denied, and a bench trial will be held to determine if Martinez agreed to arbitrate.

**Discussion**

The Court and the parties are familiar with the facts underlying this action and, thus, the Court need not outline them in detail. In short, Martinez alleges that Credit One Bank and the other Defendants violated the Fair Credit Reporting Act (FCRA) by failing to properly investigate his

disputes that certain accounts were the result of identity theft. (Doc. # 1).

Martinez filed this action on August 21, 2020, (Id.), and Credit One Bank filed its answer on September 15, 2020. (Doc. # 20). Credit One Bank now seeks to compel arbitration of the claim against it, arguing that Martinez agreed to arbitrate when he opened the account with Credit One Bank. (Doc. # 41).

Martinez has responded, disputing that he agreed to arbitrate or opened the account. (Doc. # 44). In support, Martinez has provided his affidavit and a redacted copy of the police report he filed, reporting the alleged identity theft. (Doc. # 47). Because of this dispute over whether he agreed to arbitrate, Martinez argues Credit One Bank's Motion should be denied and a bench trial should be held on this limited issue. (Doc. # 44; Doc. # 46). The Court agrees.

"The threshold issue presented here is whether a valid written agreement to arbitrate exists." Hilton v. Fluent, LLC, 297 F. Supp. 3d 1337, 1341 (S.D. Fla. 2018). "Even in this age of internet commerce, traditional contract-based principles of offer and acceptance still guide the determination of whether a valid arbitration agreement exists." Id. "[I]t is axiomatic that 'parties cannot be forced

to submit to arbitration if they have not agreed to do so.'" Id. (citation omitted). "Moreover, once an agreement to arbitrate is put 'in issue,' the Federal Arbitration Act provides that the court 'shall proceed summarily to the trial thereof' and that '[i]f no jury trial be demanded by the party alleged to be in default . . . the court shall hear and determine such issue.'" Id. (quoting 9 U.S.C. § 4).

"In reviewing a motion to compel arbitration, the Court applies 'a summary judgment-like standard,' and 'may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if there is no genuine dispute as to any material fact concerning the formation of such an agreement.'" Id. (quoting Bazemore v. Jefferson Cap. Sys., LLC, 827 F.3d 1325, 1333 (11th Cir. 2016)). Here, Martinez's affidavit and police report create a genuine issue of material fact regarding whether Martinez agreed to arbitrate, despite Credit One Bank's affidavit and production of a credit application purportedly submitted by Martinez. See Hudson v. Babilonia, No. 3:14-CV-01646 MPS, 2015 WL 1780879, at *2 (D. Conn. Apr. 20, 2015)(finding that a genuine issue of material fact existed as to whether an arbitration agreement was ever formed where defendants "supported their motion to compel arbitration with documents purportedly signed by" plaintiff

3

but plaintiff produced an affidavit "den[ying] that he signed those documents").

For that reason, Credit One Bank's Motion is denied. See Garry v. Credit Acceptance Corp., No. 19-CV-12386, 2020 WL 1872361, at *2 (E.D. Mich. Apr. 15, 2020)("Credit Acceptance's motion to compel arbitration shall be DENIED. A trial date shall be established forthwith to determine if Plaintiff executed the arbitration agreement or whether she was the victim of identity fraud."); see also Hudson, 2015 WL 1780879, at *3 ("The Motion to Compel Arbitration and Stay Litigation [] is DENIED. . . . The Court will hold a telephonic status conference . . . to discuss the scheduling of discovery and trial on the issue of whether an agreement to arbitrate was formed."). To resolve the dispute over whether Martinez agreed to arbitrate, the Court will hold a bench trial solely on this limited issue.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Credit One Bank, N.A.'s Second Amended Motion to Dismiss and Compel Arbitration (Doc. # 41) is **DENIED.** The Court will schedule by separate notice a bench trial to determine if Plaintiff Rodamel Martinez agreed to arbitrate or whether he was the victim of identity fraud.

4

5

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of November, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE